IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLARENCE BROOKS, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA and ANNA WEAVER, <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 15-8589 (JBS/KMW) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, District Judge:**

In this action, Plaintiff Clarence Brooks, Jr. alleges, inter alia, that Defendant Anna Weaver ("Weaver") negligently and/or carelessly caused him to be injured when her car struck his from behind in a five-car accident on the entrance ramp connecting Blackwood-Clementon Road to Route 42 near Bellmawr, New Jersey, on May 6, 2014. [Docket Item 4, Am. Compl, ¶¶ 8-9, 19-25.] Pending before the Court is Weaver's unopposed motion for summary judgment [Docket Item 20]; the Court notes that Weaver's fellow defendant, the United States of America, does not oppose Weaver's motion for summary judgment on all claims and cross-claims against her [Docket Item 22]. Weaver claims that the evidentiary record allows any reasonable finder of fact only to conclude that she did not operate her car in a negligent or careless manner, in that she was stopped herself when she was

struck and was, effectively, the middle car in the accident when her car then went on to strike Plaintiff's car. For the reasons discussed below, the Court will grant Weaver's motion for summary judgment as to the personal injury claim against her, as well as any cross-claims. The Court finds as follows:

1. **Background**.[1] On May 6, 2014, Weaver, Plaintiff, and Staff Sergeant Stephen Mehlhaff, acting in his capacity on behalf of defendant United States of America, were all involved as the drivers of three separate vehicles in the five-car accident on the entrance ramp connecting Blackwood-Clementon Road with Route 42. The evidentiary record (including the deposition testimony of Plaintiff, Weaver, and Mehlstaff and the interrogatory responses of Weaver) supports the contention that Plaintiff's car was ahead of both Weaver and Mehlstaff. Weaver argues that the evidentiary record shows conclusively that, as she approached Plaintiff's car, she was driving at a safe speed and gradually came to a complete stop. [Docket Item 20-2 at 2.] At that time, Sgt. Mehlhaff's car rear-ended Weaver's car. Id. Weaver's car hit Plaintiff's car, id., and immediately thereafter, Sgt. Mehlhaff's car also rear-ended Plaintiff's car.

---

[1] For purposes of the instant motion and pursuant to L. Civ. R. 56.1, the Court looks to the Amended Complaint [Docket Item 4] when appropriate, Defendant's Statement of Uncontested Material Facts [Docket Item 20-2 at 1-6], and related exhibits and documents [Docket Items 20-3 through -8].

[Docket Item 20-2 at 4.] Sgt. Mehlhaff testified that he first hit Weaver's car, that she had been at a complete stop when he struck her, and that he then hit Plaintiff's car (which was also at a complete stop). Id. Plaintiff testified that he felt two hits to his car. Id. at 4-5. Although Plaintiff testified that he believed the car with the "soldier<u>s</u>" was the first to hit him, he testified that he <u>assumed</u> it was Weaver's car that hit him the second time, and that he made "several 'assumptions.'" Id. at 5.

    2.   **Standard of Review.** At summary judgment, the moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>accord</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). In reviewing a motion for summary judgment, the court is required to examine the evidence in light most favorable to the non-moving party, and resolve all reasonable inferences in that party's favor. <u>Hunt v. Cromartie</u>, 526 U.S. 541, 552 (1999); <u>Wishkin v. Potter</u>, 476 F.3d 180, 184 (3d Cir. 2007). A factual dispute is material when it "might affect the outcome of the

suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. A factual assertion in the movant's Statement of Facts, citing to the record, is deemed undisputed when the opponent fails to dispute it with its own counter-citation to the record.

3. **Analysis.** Weaver argues, and the Court agrees, that the evidentiary record, including the above testimony as well as police reports, photographs, and diagrams [Docket Items 20-3 through -8], does not raise a genuine dispute of material fact that Weaver operated her car in any negligent or careless manner, because there is no genuine dispute that Weaver was stopped when she was hit from behind, and that it was that collision that pushed her car into Plaintiff's car, thereby serving as one cause of the injuries he suffered that day.

4. Plaintiff did not oppose this motion and does not point to any evidence in the record from which a reasonable finder of fact could support a finding that Weaver was not stopped when she was struck and her car pushed into Plaintiff's car, or that Weaver engaged in any act or omission that constituted operating her car in a negligent or careless manner.

5. Under New Jersey law, a plaintiff must show, in order to maintain a prima facie claim of negligence, 1) the existence of a duty; 2) a breach of that duty; 3) proximate cause; and 4)

damages as a result. Filipowicz v. Diletto, 350 N.J. Super. 552, 558 (App. Div. 2002). Under New Jersey law, "[n]egligence is a fact which must be shown and which will not be presumed." Long v. Landy, 35 N.J. 44, 54 (1961). "The mere showing of an incident causing the injury sued upon is not alone sufficient to authorize the finding of an incident of negligence. . . . The burden of proving the charge of negligence is upon the plaintiff and must be sustained by proof of circumstances from which defendant's want of due care is a legitimate inference." Id.

6. The Court finds that there is no genuine dispute of material fact that Weaver did not breach a duty of care owed to Plaintiff. The standard for such a duty of care is "the conduct of the reasonable [person] of ordinary prudence under the circumstances." Ambrose v. Cyphers, 29 N.J. 138, 144 (1959).

7. The undisputed evidence shows that Weaver was struck from behind while her car was stopped and her car was pushed into Plaintiff's car. Nothing in this fact pattern would allow a reasonable finder of fact to conclude that Weaver conducted herself in any way that deviates from "the conduct of a reasonable [person] of ordinary prudence under the circumstances."

8. The New Jersey Supreme Court has stated that it "is elementary that a following car in the same lane of traffic is obligated to maintain a reasonably safe distance behind the car

ahead, having due regard to the speed of the preceding vehicle and the traddic upon the condition of the highway. Failure to do so resulting in a collision, is negligence and a jury should be so instructed." Dolson v. Anastasia, 55 N.J. 2, 10 (1969)(internal citations omitted). There is no evidence here from which a reasonable finder of fact could conclude that Weaver failed to meet this standard. Accordingly, a reasonable finder of fact could not conclude that Weaver was negligent and therefore liable to Plaintiff (or to Defendant United States of America on a cross-claim).

9. Accordingly, the Court will grant Weaver's Motion for summary judgment dismissing the negligence claim against her as well as any cross-claims. The accompanying Order will be entered.

**March 29, 2018**             **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                    U.S. District Judge